IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY W. PESICKA, | : | |
| | : | |
| PLAINTIFF | : | |
| | : | NO.:_____ |
| V. | : | |
| | : | HON. |
| DARWIN O. SABANDO, and | : | |
| KMJ TRANSPORT LLC | : | |
| | : | |
| DEFENDANTS | : | JURY TRIAL DEMANDED |

## NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332(a)(1), 1391(b)(2), 1441(a) and (b), and 1446(a) and (b)

Come now the Defendants, by and through their attorneys, The Chartwell Law Offices, LLP. by E. Patrick Heffron and hereby submit notice to the United States District Court for the Middle District of Pennsylvania for Removal of the above entitled action to this Court and in support thereof respectively represent the following:

1.     Plaintiff, Tony Pesicka filed a civil action in the Court of Common Pleas of Centre County on or about April 18, 2019.  (A copy of the Complaint is attached hereto as Exhibit "A.")

2.     The Complaint was later served via certified mail on the Defendants.

3.     Pursuant to the Complaint, Plaintiff is an adult individual with an address in Tennessee.

4.     Moving Defendant, KMJ Transport LLC is a New Jersey Corporation with its principal place of business located in Clifton, NJ.

5.     Moving Defendant Darwin Sabando is an adult individual with an address in New Jersey.

7.     Diversity of Citizenship exists between the Plaintiff, a citizen and resident of Tennessee, and all of the Defendants, citizens of New Jersey, pursuant to 28 USC 1332(a)(1) and 1441(a) and (b).

8.     Said diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice.

9.     The Plaintiff alleges that he was injured on April 19, 2017 in Centre County, within the Middle District of Pennsylvania, when he was in an accident involving Defendants' tractor trailer.

10.    Removal is based on diversity of citizenship pursuant to 28 U.S.C. 1332(a)(1) and 1441(a) and (b).

11.    Removal of this case to the Middle District of Pennsylvania is proper pursuant to 28 U.S.C. §1446.

12.    Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391 as the Middle District is a judicial district in which a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

13.     Plaintiff has averred in his Complaint that he is seeking damages in excess of the arbitration limits including punitive damages.

14.     The Plaintiff has alleged that he "suffered from pain in his left shoulder, neck, mid back and lower back and a tingling sensation in his left index and long fingers."

15.     The Plaintiff has alleged that he has incurred past medical expenses and wage loss along with claims of future medical expenses and wage loss.

16.     The Plaintiff has alleged permanent injury and future pain and suffering.

19.     Based upon Plaintiff's Complaint and the injuries and damages as pled, it is believed, and therefore averred, that the Plaintiff's prayer for damages will be in excess of $75,000.00, exclusive of interest and costs.

20.     Diversity of Citizenship existed at the time the action sought to be removed was commenced and continues to the filing of this Notice. Therefore, Moving Defendants are entitled to removal to the Middle District pursuant to 28 U.S.C. §1332(a)(1), 1391(b)(2), 1441(a) and (b), and 1446(a) and (b).

WHEREFORE, the above action now pending against the Defendants in the Pennsylvania Court of Common Pleas of Centre County is therefore removed to this Honorable Court.

**THE CHARTWELL LAW OFFICES, LLP**


By: /s/ E. Patrick Heffron
      E. Patrick Heffron, Esquire
      I.D No.:  93126
      125 North Washington Avenue
      The Connell Building, Suite 240
      Scranton, PA 18503
      Attorney for Defendants

## CERTIFICATE OF SERVICE

I, E. Patrick Heffron, Esquire hereby certify that I have this 21st day of May, 2019 served a true and correct copy of the foreging Notice of Removal, via first class mail/electronic mail upon the following individuals:

Keith Figured, Esq.
Counsel for Plaintiff

### THE CHARTWELL LAW OFFICES, LLP

By: /s/ E. Patrick Heffron
  E. Patrick Heffron, Esquire
  Atty I.D. No.:  93126
  125 N. Washington Avenue
  The Connell Building, Suite 240
  Scranton, PA  18503
  Telephone: (570) 558-4820
  Attorney for Defendants

IN THE COURT OF COMMON PLEAS OF
CENTRE COUNTY

TONY W. PESICKA, :
:
PLAINTIFF :
: NO: CV-2019-1373
V. :
:
DARWIN O. SABANDO, and :
KMJ TRANSPORT LLC :
:
DEFENDANTS : JURY TRIAL DEMANDED

## PRAECIPE TO FILE NOTICE OF REMOVAL

**TO THE PROTHONOTARY OF CENTRE COUNTY**

Pursuant to 28 U.S.C.A. § 1331 AND 28 U.S.C.A. § 1367 (A), Defendants filed a

certified copy of Notice of Removal with the United States District Court for the Middle District

of Pennsylvania on May 21, 2019.

**THE CHARTWELL LAW OFFICES, LLP**

BY: _____

E. Patrick Heffron, Esquire
125 North Washington Avenue
The Connell Building, Suite 240
Scranton, PA 18503
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, E. Patrick Heffron, Esquire, attorney for the Defendants hereby certify that I have this

21st day of May, 2019, served a true and correct copy of the foregoing, *Praecipe to File Notice of*

*Removal*, via United States First Class Mail, postage pre-paid upon the following individual(s):

Keith Figured, Esq.
Counsel for Plaintiff

THE CHARTWELL LAW OFFICES, LLP

By:_____
     E. Patrick Heffron, Esquire
     Atty I.D. No.:  93126
     125 N. Washington Avenue
     The Connell Building, Suite 240
     Scranton, PA  18503
     Attorney for Defendants

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

Centre _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: **2619-1373** | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking

*FILED FOR RECORD 2019 APR 18   DEBRA C. IMMEL PROTHONOTARY CENTRE COUNTY, PA*

Lead Plaintiff's Name:
Tony W. Pesicka

Lead Defendant's Name:
Darwin Sabando, et al.

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested: (check one)
☐ within arbitration limits
☐ outside arbitration limits

Is this a *Class Action Suit*? ☐ Yes ☒ No

Is this an *MDJ Appeal*? ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Keith Figured, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☒ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

**EXHIBIT A**

FIGURED LAW FIRM
KEITH FIGURED, ESQ.
I.D. No. PA 87443
1620 STATE ROUTE 118
SWEET VALLEY PA 18656
(570) 954-9299                                    **Attorneys for Plaintiff**

|  |  |  |
|---|---|---|
| Tony W. Pesicka, | : | IN THE COURT OF COMMON PLEAS |
|  | : | OF CENTRE COUNTY |
| Plaintiff | : |  |
|  | : | Docket No.  2019-1373 |
|  | : |  |
| v. | : | CIVIL ACTION - LAW |
|  | : |  |
|  | : | **JURY TRIAL DEMANDED** |
| Darwin O. Sabando and | : |  |
| KMJ Transport, LLC, | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

Centre County Court Administrator's Office
102 South Allegheny Street
Bellefonte, PA 16823
(814) 355-6727

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO.

SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

Centre County Court Administrator's Office
102 South Allegheny Street
Bellefonte, PA 16823
(814) 355-6727

Respectfully submitted,
FIGURED LAW FIRM

Keith Figured, Esquire
I.D. No. PA 87443
1620 STATE ROUTE 118
SWEET VALLEY PA 18656
PH:   (570) 954-9299
Fax: (570) 477-2649
keith@figuredlaw.com
Attorneys for Plaintiff

FIGURED LAW FIRM
**KEITH FIGURED, ESQ.**
**I.D. No. 87443**
1620 STATE ROUTE 118
SWEET VALLEY PA 18656
(570) 954-9299

**Attorneys for Plaintiff**

| | | |
|---|---|---|
| Tony W. Pesicka, | : | IN THE COURT OF COMMON PLEAS |
| | : | OF CENTRE COUNTY |
| Plaintiff | : | |
| | : | Docket No.  *2619-1373* |
| | : | |
| v. | : | CIVIL ACTION - LAW |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| Darwin O. Sabando and | : | |
| KMJ Transport, LLC, | : | |
| | : | |
| | : | |
| Defendants. | : | |

### COMPLAINT

   Plaintiff Tony W. Pesicka (Hereinafter referred to as "Mr.

Pesicka"), by and through his Counsel of Record, Keith Figured,

Esquire, brings the following Complaint against the above listed

Defendants. In support thereof Mr. Pesicka avers the following:

### The Parties

1. Plaintiff, Mr. Pesicka, is an adult individual that resides
   at 714 Mulberry Street, Lebanon, TN 37087.

2. Secured Truck Line, Inc. has employed Plaintiff as a
   Commercial Driver since approximately March of 2017.

3. Secured Truck Line, Inc. has a business address of 1766
   Lincoln Ave., Addison, Illinois 60101.

4. On the evening of April 19, 2017, Plaintiff was driving
   through Centre County, Pennsylvania on Interstate 80 while

in the course and scope of his work for Secured Truck Line, Inc.

5. On April 19, 2017 Darwin Sabando (Hereinafter referred to as "Defendant Sabando"), was also operating a commercial vehicle, a semi-trailer, on behalf of his Co-Defendant KMJ Transport, LLC, (Hereinafter referred to as "KMJ") his Employer.

6. By way of information and belief, Defendant Sabando is an adult individual that resides at 641 Clifton Avenue, Apartment 1, Clifton, NJ 07011.

7. By way of information and belief KMJ is believed to be an Limited Liability Corporation registered with and existing under the laws of New Jersey [a copy of the Corporation Details filed with the State of New Jersey is attached hereto as *Exhibit "A"*].

8. KMJ maintains a registered business address of 1 Ward Street, 2nd Floor, Clifton, NJ 07011. *Id.*

9. By way of information and belief KMJ owns tractors and trailers and engages in the business of interstate commercial deliveries and transportation.

10. By way of information and belief, the commercial vehicle being operated by Defendant Sabando displayed the motor carrier name of KMJ.

11.   Further, when questioned by the police, Defendant Sabando confirmed that the vehicle was owned by KMJ and that he was driving on behalf of the company when the accident occurred.

12.   At all times material hereto KMJ employed drivers to operate its tractors with attached trailers on the public highways, including Defendant Sabando who drove the aforesaid Freightliner tractor and the attached trailer.

13.   At the time of the aforesaid motor vehicle accident, Defendant Sabando was acting as an agent, servant and/or employee of KMJ, and acting within the scope and course of his duties, agency and/or employment and furthering his employer's interests and was under the control of KMJ.

### The Accident

14.   By way of information and belief, at all times material hereto, KMJ, controlled, possessed, directed, operated and maintained a certain tractor, namely the 1999 Freightliner, Century, bearing New Jersey License AS646G and on which Defendant displayed its name and to which a trailer was attached.

15.   On April 19, 2017, at approximately 11:50 PM Plaintiff and Defendant Sabando were both traveling West Bound on Interstate 80 traveling on behalf of their respective employers.

16.     It was at this time that Defendant Sabando negligently drove his semi-tractor trailer into the rear of the vehicle being operated by Mr. Pesicka.

17.     Mr. Pesicka was driving at approximately 45 miles per hour with his hazard lights on when his vehicle was struck by Defendant Sabando.

18.     Mr. Pesicka was wearing a seatbelt when his vehicle was struck.

19.     The violent collision caused a fire.

20.     The vehicle driven by Defendant Sabando, and owned by KMJ, was fully engulfed by flames.

21.     The vehicle driven by Plaintiff also caught fire.

## The Police Arrive and Investigate

22.     Police and EMS arrived on the scene at approximately 11:58 PM.

23.     Both Mr. Pesicka and Defendant were transported by Ambulance to the Hospital for treatment where the police interviewed Defendant Sabando.

24.     During his interview, Defendant Sabando told the police that he did not have his driver's license because it was burned up in the fire caused by his negligent and criminal actions.

25.     Upon further investigation the Police unearthed the fact that Defendant Sabando did not have a commercial

4

driver's license and, as such, plainly and wantonly violated the law by operating a commercial vehicle without the appropriate license.

26.   The police found Defendant Sabando at fault for the accident and issued multiple citations against him for Careless Driving under Pa. Code 3714A and Following Too Closely under Pa. Code 3310A.

## Mr. Pesicka's Injuries

27.   At the hospital Mr. Pesicka complained of neck, right shoulder and back pain.

28.   The attending physician ordered a CT Scan of the Cervical Spine, a CAT Scan of the Chest, A CAT Scan of the Head and a CAT Scan of the Lumbar Spine.

29.   After his release from the hospital, Mr. Pesicka also suffered from pain in his left shoulder, neck, mid back and lower back and a tingling sensation in his left index and long fingers.

30.   Plaintiff sought medical care from multiple physicians to alleviate his pain.

31.   As a result of his injuries Plaintiff has had and continues to have pain, including but not limited to, his shoulders, neck, mid back and lower back and a tingling sensation in his left index and long fingers.

32.     As a result of his injuries Mr. Pesicka was unable to work and suffered a loss of earnings and/or impairment of earning capacity, and continue to suffer such losses in the future.

33.     As a direct and proximate cause of the negligence and/or carelessness of Defendant Sabando and KMJ, Mr. Pesicka sustained serious and permanent injuries and damages more fully set forth herein.

34.     For the reasons set forth herein, Defendant Sabando and KMJ are jointly and severally liable to Mr. Pesicka for the injuries and damages set forth herein and incorporated by reference.

## COUNT I: NEGLIGENCE

35.     Plaintiff, Mr. Pesicka, incorporates the averments set forth in the foregoing paragraphs of the Complaint as if fully rewritten herein in their entirety.

36.     Defendant Sabando had a duty to use caution and care when operating the commercial motor vehicle that he was driving.

37.     Defendant Sabando owed a duty to Mr. Pesicka and other drivers operating on Pennsylvania's roadways, including, but not limited to, Interstate 80.

38.     Defendant Sabando failed to exercise reasonable care to protect Mr. Pesicka and was reckless, careless, and/or

negligent in the operation of the commercial motor vehicle he was operating in the following ways:

a. In driving the vehicle he was operating in careless disregard for the safety of persons or property in violation of 75 C.S.A. § 3714;

b. In driving a commercial vehicle without having the proper licensing in violation of Pennsylvania Law, which is negligence *per se*;

c. In driving the commercial vehicle he was operating in willful or wanton disregard for the safety of persons or property in violation of 75 C.S.A. § 3736;

d. In failing to yield the right-of-way to Mr. Pesicka;

e. In failing to stop, steer around, or otherwise avoid a collision with the vehicle being operated by Mr. Pesicka;

f. In failing to observe with reasonable care the traffic and road conditions, including the location of the vehicle being operated by Mr. Pesicka;

g. In failing to have the vehicle he was operating under proper control;

h. In failing to keep proper lookout;

i. In failing to be attentive to the vehicle he was operating and the environment;

7

j. In failing to observe the condition of the road lot and the position of the vehicle being operated by Mr. Pesicka;

k. In driving the vehicle he was operating without due regard to the rights, safety, and position of the vehicle being operated by Mr. Pesicka;

l. In failing to operate the brakes and steering mechanisms of the vehicle he was operating in such a manner as to avoid crashing into the vehicle being operated by Mr. Pesicka.

m. In operating the tractor trailer in such a manner as to cause and/or permit the tractor trailer to collide into the rear of Mr. Pesicka's automobile;

n. In operating the tractor trailer in a direction towards Mr. Pesicka's vehicle when he knew or should have known that to do so would result in a collision;

o. In failing to slow, stop or turn aside the tractor trailer, or to take other action to avoid colliding into Mr. Pesicka;

p. In operating the tractor trailer in a direction towards the Plaintiff when Defendant knew or should have known that to do so would result in a collision;

8

q. In failing to timely, promptly and properly apply the brakes and other stopping devices of the tractor trailer so as not to strike the Plaintiff;

r. In failing to take all reasonable and necessary measures to avoid striking the Plaintiff who was in the travel lane in front of the tractor trailer;

s. In operating the tractor trailer on the highway in such a manner that Defendant knew or should have known that the tractor trailer would collide into the Plaintiff;

t. In failing to steer the tractor trailer from the travel lane of the highway before the collision;

u. In steering the tractor trailer into a lane of travel that was occupied by Plaintiff's vehicle;

v. In failing to yield the right-of-way to the Plaintiff;

w. In operating the tractor trailer in such a manner as to drive the tractor trailer into the rear of the Plaintiff's vehicle;

x. In failing to keep and maintain the tractor trailer under proper and adequate control;

y. In operating the tractor trailer at an excessive rate of speed for the road and conditions there existing;

z. In failing to operate his vehicle at a safe rate of speed for the conditions of the highway there existing;

9

aa.  In failing to observe, or timely observe, the Plaintiffs vehicle before colliding into it;

bb.  In failing to keep a safe, careful and adequate lookout for other vehicles on the roadway including that of the Plaintiff;

cc.  In failing to continually look for traffic traveling in the same direction;

dd.  In violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. § 3714 in operating the tractor trailer in a careless manner;

ee.  In violating the Pennsylvania Motor Vehicle Code 75 Pa.C.S. § 3361 by failing to operate the tractor trailer at a safe speed and/or under proper control;

ff.  In violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. § 3310 by following too closely;

gg.  In failing to operate the tractor trailer free of distractions;

hh.  In failing to sound a horn, flash headlights, activate turn signals, or otherwise give warning to other motorists including Plaintiff;

ii.  In knowingly operating the tractor trailer in such mental and/or physical condition that it was unsafe for him to do so;

10

jj.  In operating the tractor trailer without proper qualifications or licensing;

kk.  In operating the tractor trailer while fatigued and/or in violation of the hours in service regulations;

ll.  In operating the tractor trailer without proper training, sufficient experience and/or adequate qualifications to safely control the tractor trailer;

mm.  In operating the tractor trailer without proper training, sufficient experience and/or adequate qualification in accident avoidance;

nn.  In operating the tractor trailer when he knew that he was physically unfit, impaired and/or incapable of safely driving and properly controlling the tractor trailer;

oo.  In operating the tractor trailer on the highway when he knew or should have known that the tractor trailer was improperly maintained, dangerous and unsafe;

pp.  In overloading, or in allowing the tractor trailer to be overloaded, or unsafely loaded;

qq.  In failing to inspect, repair, service and/or otherwise maintain the tractor trailer in a safe and proper working condition such that the failure to do so resulted in the vehicle being dangerous and/or unsafe; and

11

rr.  In violating the ordinances, laws and statutes of the

Commonwealth of Pennsylvania Motor Vehicle Code relative

to the safe operation of motor vehicles as aforesaid.

39.   Because Defendant Sabando failed to properly control

the vehicle he was operating and because he failed to pay

attention to his surroundings, Defendant Sabando struck the

vehicle being operated by Mr. Pesicka with the commercial

motor vehicle he was operating illegally.

40.   A violent collision occurred between the commercial

motor vehicle being operated by Defendant Sabando and the

vehicle being driven by Mr. Pesicka.

41.   At all times relevant hereto, Defendant Sabando knew

or had reason to know that operating the tractor trailer,

as described above, was dangerous and hazardous to other

persons in the vicinity of the tractor trailer including

Mr. Pesicka.

42.   At all times relevant hereto, Defendant Sabando knew

or had reason to know that operating the tractor trailer,

as described above, was likely to create a high risk of

danger or harm to other persons in the vicinity of the

tractor trailer.

43.   Despite his knowledge that operating the tractor

trailer, as described above, was likely to create a high

risk of danger or harm to other persons in the vicinity of

the tractor trailer, Defendant Sabando proceeded to operate
the tractor trailer in conscious disregard of, or
indifference to, those risks.

44.     The actions of Defendant Sabando in operating the
tractor trailer, as described above, was done maliciously,
wantonly, willfully, and/or in reckless indifference to the
interests of others including Mr. Pesicka.

45.     As a direct and proximate result of Defendant's
negligent acts, omissions and/or carelessness, as set forth
above, Mr. Pesicka was caused to sustain severe and
permanent injuries necessitating medical treatment,
including but not limited to:

a. Neck Pain;

b. Shoulder
   Pain;

c. Headaches;

d. Right Side Pain;

e. Tingling in his fingers

f. Injury with damage to the bones, joints, ligaments,
   tendons, nerves, muscles, and/or soft tissues, including
   constant stiffness, loss of range of motion.

g. Emotional pain and suffering; and

h. Other severe and/or permanent injuries which may become
   apparent prior to trial.

46.     As a direct and proximate result of Defendant's
negligent acts, omissions and/or carelessness, as set forth

above, Mr. Pesicka sustained injuries and is entitled by law to recover for the following damages:

a. medical, therapeutic and rehabilitative expenses and will be caused to incur said expenses into the furture;

b. Compensation for past, present and future pain and suffering, humiliation, inconvenience and embarrassment, in the past, present, and future;

c. Compensation for shock, fright, discomfort, mental anxiety, loss of well-being, and the loss of enjoyment of life, in the past, present, and future;

d. Punitive damages; and

e. Loss of past and future earnings and/or earnings capacity.

WHEREFORE, in consideration of the foregoing, Plaintiff, Tony W. Pesicka requests judgment awarding both compensatory and punitive damages against Defendant, Darwin O. Sabando, in an amount in excess of the arbitration limits of this Court plus interest and costs as the law may allow.

## COUNT II – VICARIOUS LIABILITY

47.     Plaintiff, Mr. Pesicka, incorporates the averments set forth in the foregoing paragraphs of the Complaint as if fully rewritten herein in their entirety.

48.     At all times relevant hereto, Defendant KMJ was acting by and through Defendant Sabando.

14

49.   At all times relevant hereto Defendant Sabando was the duly authorized actual and/or apparent agent, employee, workman, and/or servant of KMJ.

50.   At all times relevant hereto, Defendant Sabando was acting within the course and scope of his actual and/or apparent employment and/or agency and in furtherance of the business interests of Defendant KMJ.

51.   KMJ is jointly and severally and/or vicariously liable for the negligence and/or carelessness of Defendant Sabando, as set forth herein and incorporated by reference.

52.   Further, the aforesaid accident was a direct and proximate result of the direct negligence, carelessness, wantonness and recklessness of Defendant KMJ, who was negligent as follows:

a. In failing to establish and/or enforce safe, proper and/or reasonable and adequate guidelines regulations and/or instructions for its employees, including Defendant Sabando, in the prevention of rear end collisions;

b. In failing to establish and/or enforce safe and proper guidelines, regulations and/or instructions regarding the operation of its vehicles by its agents, servants and/or employees, including Defendant Sabando, for transporting material by tractor trailer;

15

c. In failing to establish and/or enforce procedures to ensure that the tractor trailer, operated by its agents, servants and/or employees are operated in a manner safe for transporting materials by tractor trailer on public highway and free of distractions;

d. In failing to properly and/or adequately train or retrain its agents, servants, and/or employees, including Defendand Sabando, to inspect, maintain and operate the tractor trailer in a safe manner such that the tractor trailer does collide into the rear of other vehicles or otherwise create a hazard to motorists as a result of driver inattentiveness or distractions;

e. In failing to timely, adequately, and/or properly inform, instruct, teach and/or adequately train or retrain its agents, servants, and/or employees, including Defendant Sabando, to inspect, maintain and operate the tractor trailer, in such a manner that the tractor trailer does not collide into the rear of other vehicles;

f. In failing to discipline and/or superintend, or adequately, properly and/or sufficiently discipline and superintend its agents, servants and/or employees, including Defendant Sabando;

g. In failing to enforce its own policies and procedures regarding the instruction, training, education, testing,

supervision, management, and/or discipline of its agents, servants and/or employees, including Defendant Sabando;

h. In failing to properly and/or adequately supervise the operations and/or management of its agents, servants and/or employees, including Defendant Sabando;

i. In negligently entrusting the vehicle to Defendant Sabando, when the Defendant knew, or should have known, that Defendant Sabando was not capable of safely operating the tractor trailer on the public highways;

j. In allowing or entrusting the tractor trailer to be operated by an improperly trained, unlicensed and/or unqualified individual or a truck driver prone to distraction;

k. In failing to adopt and/or enforce driver rules and regulations requiring that the tractor trailer be operated free of distractions;

l. In failing to adopt and/or enforce driver rules and regulations regarding truck drivers hours in service;

m. In failing to adopt and/or enforce driver rules and regulations prohibiting truck drivers from operating tractor trailer while fatigued or without adequate rest;

n. In allowing the tractor trailer to be operated by an individual who was not free of distractions that interfered with the safe driving and operation of the tractor trailer,

17

which tractor trailer required a commercial licensed driver
to give full and proper attention to the highway;

o. In knowingly directing, ordering and/or permitting the
tractor trailer to be operated by Defendant Sabando, who
lacked proper qualification and/or fitness to safely
operate the vehicle;

p. In knowingly directing, ordering and/or permitting the
tractor trailer to be operated by Defendant Sabando, who
was without the proper licensing, proper training,
sufficient experience and/or adequate qualification in
accident and collision avoidance;

q. In failing to properly and/or adequately supervise the
actions of its agents, servants and/or employees, including
Defendant Sabando;

r. In failing to properly and/or adequately instruct,
train, retrain, educate, observe, manage, superintend
and/or supervise its agents, servants and/or employees,
including Defendant Sabandoa, as to safe transportation of
materials by tractor trailer on state highway;

s. In failing to timely, properly, fully and/or adequately
discipline its employees;

t. In operating the tractor trailer on the public highway
when Defendant knew, or should have known, that the tractor
trailer was improperly maintained, dangerous and/or unsafe;

18

u. In failing to timely adopt, enforce and superintend adequate and proper rules and regulations to ensure that the tractor trailer was properly inspected, serviced and/or maintained for use on the highway;

v. In failing to exercise that degree of care and caution required of a trucking company transporting materials on the public highway as set forth herein, where the Defendant's failure to do so created a hazard and/or danger to other motorists and a risk of collision;

w. n operating the tractor trailer without fully, properly, adequately, and/or timely inspecting the tractor trailer to see that the tractor trailer was properly, fully and/or safely loaded so that the tractor trailer would not collide into the rear of other vehicles;

x. In operating the tractor trailer on the public highway when Defendant knew, or should have known, that the tractor trailer was unsafe because of overuse, overloading, improper maintenance, improper loading and/or unloading, and/or inadequate inspection;

y. In allowing individuals without proper training, sufficient experience and/or adequate qualification in accident avoidance and/or collision prevention to operate the tractor trailer; and

z. In violating the ordinances, laws and statutes of the Commonwealth of Pennsylvania, including but not limited to, the Motor Vehicle Code and/or United States Department of Transportation as aforesaid relative to the safe operation of motor vehicles, including vehicles used to transport goods and other materials.

53. Defendant KMJ, is liable to Plaintiff for the aforesaid acts, conduct, omissions, negligence, carelessness, wantonness and/or recklessness of Defendant Sabando under the doctrines of vicarious liability, *respondeat superior* and/or master/servant responsibility.

54. As a direct and proximate cause of Defendant KMJ's negligence, Plaintiff Pesicka was caused to suffer severe and permanent physical and psychological injuries, damages and itemized losses as set forth herein and incorporated by reference in their entirety.

WHEREFORE, in consideration of the foregoing, Plaintiff, Tony W. Pesicka, requests judgment awarding both compensatory and punitive damages against Defendant, KMJ Transport, LLC., in an amount in excess of the arbitration limits of this Court plus interest and costs as the law may allow.

## COUNT IV: NEGLIGENT ENTRUSTMENT

55.    Plaintiff, Mr. Pesicka, incorporates the averments set forth in the foregoing paragraphs of the Complaint as if fully rewritten herein in their entirety.

56.    KMJ acting for its financial gain, negligently entrusted Defendant Sabando with a tractor and trailer, or similar piece of commercial vehicle and/or equipment, when it knew or should have known, in the exercise of ordinary care, that Defendant Sabando was an unsafe operator, and failed to inquire as to Defendant KMJ's employment history prior to entrusting him with a Freightliner tractor and trailer or similar commercial vehicle:

a.    Negligently entrusting the aforementioned Freightliner tractor and trailer, or similar commercial vehicle and/or equipment, to Defendant Sabando when KMJ knew, or in the exercise of ordinary care should have known, that said individual was not a safe operator of the tractor and trailer;

b.    Negligently entrusting the aforementioned Freightliner tractor and trailer, or similar commercial vehicle and/or equipment, to Defendant Sabando when KMJ knew, or in the exercise of ordinary care should have known, that said individual would operate the equipment in a negligent and careless manner;

21

c.   Negligently entrusting the aforementioned Freightliner tractor and trailer, or similar commercial vehicle and/or equipment, to Defendant Sabando when KMJ knew, or in the exercise of ordinary care should have known, that said individual was not trained and/or instructed in the sage operation of the tractor and trailer;

d.   Negligently entrusting the aforementioned Freightliner tractor and trailer, or similar commercial vehicle and/or equipment, to Defendant Sabando when KMJ knew, or in the exercise of ordinary care should have known, that said individual was not properly licensed to operate the tractor and trailer;

e.   Negligently entrusting the aforementioned Freightliner tractor and trailer, or similar commercial vehicle and/or equipment, to Defendant Sabando when KMJ knew, or in the exercise of ordinary care should have known, that said individual would operate the equipment in a manner that created an unreasonable risk of harm to others; and

f.   Insofar as the subject Freightliner tractor and trailer, or similar commercial vehicle and/or equipment, was improperly inspected, repaired, and/or maintained.

57.   At all times relevant hereto KMJ knew or had reason to know entrusting their Freightliner tractor and trailer, or similar commercial vehicle and/or equipment, to Defendant

22

Sabando, as described herein and incorporated by reference, was dangerous and hazardous to others including Mr. Pesicka.

58.   Despite KMJ's knowledge that entrusting their Freightliner tractor and trailer, or similar commercial vehicle and/or equipment, to Defendant Sabando, as described herein and incorporated by reference, was likely to create a high risk of danger or harm to others including Mr. Pesicka, KMJ proceeded to allow Defendant Sabando to operate the tractor and trailer in conscious disregard of, or indifference to, those risks.

59.   The actions of KMJ in entrusting the Freightliner tractor and trailer, or similar commercial vehicle and/or equipment, to Defendant Sabando and allowing Defendant Sabando to operate their tractor and trailer, as described herein and incorporated by reference, was done maliciously, wantonly, willfully, and/or in reckless indifference to the interests of others, including Mr. Pesicka.

60.   As a direct and proximate cause of KMJ's negligence, carelessness, and/or recklessness, Mr. Pesicka was caused to suffer severe and permanent physical and psychological injuries, damages and itemized losses as set forth herein and incorporate by reference.

WHEREFORE, in consideration of the foregoing, Plaintiff, Tony W. Pesicka requests judgment awarding both compensatory and punitive damages against Defendant, KMJ Transport, LLC., in an amount in excess of the arbitration limits of this Court plus interest and costs as the law may allow.

## COUNT IV: NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

61.   Plaintiff, Mr. Pesicka, incorporates the averments set forth in the foregoing paragraphs of the Complaint as if fully rewritten herein in their entirety.

62.   Defendant KMJ breached its duty of care owed to Mr. Pesicka, and the public at large, and was negligent, careless and reckless in hiring, retaining, training, and/or supervising Defendant Sabando, its agent, employee, servant, contractor, and/or workman, in the following particulars:

   a. Failing to exercise reasonable care in selecting Defendant Sabando to operate a Commercial Vehicle, in particular, the tractor trailer that Defendant Sabando was illegally operating when he struck the vehicle being operated by Mr. Pesicka;

   b. Failing to implement an adequate program or policy to conduct background checks and failure to perform background checks before engaging operators such as Defendant Sabando;

c. Failing to implement an adequate program or policy to conduct physical and mental examinations of drivers such as Defendant Sabando to ensure employees can operate commercial vehicles, in particular tractor trailers and similar commercial vehicles, properly;

d. Failing to implement an adequate program or policy to properly instruct and train and failure to properly instruct and train employees such as Defendant Sabando in the proper operation of tractor trailers and similar vehicles that require operators to have a commercial driver's license to ensure operators can operate such vehicles safely and properly;

e. Failing to implement an adequate program or policy to conduct written examinations and operating examinations and failure to perform adequate written examinations and operating examinations of employees such as Defendant Sabando to ensure that employees can operate the commercial vehicles that they operate on behalf of KMJ safely and properly;

f. Failing to implement an adequate program or policy to properly instruct and train and failure to properly instruct and train operators such as

Defendant Sabando on all applicable Federal, State, and Local rules, codes, regulations, and laws governing the operation of tractor trailers and similar commercial vehicles to ensure he could operate the commercial vehicle safely and properly;

g. Failing to implement an adequate program or policy to properly instruct and train and failure to properly and adequately instruct and train operators such as Defendant Sabando on safe driving/operating techniques and practices before and during employment to ensure they can operate tractor trailers and similar commercial vehicles safely;

h. Failing to exercise reasonable care over the manner in which Defendant Sabando operated the tractor trailer on April 19, 2017;

i. Failing to implement and/or maintain an adequate program or policy to perform ongoing training and instruction of operators, contractors and/or employees such as Defendant Sabando;

j. Failing to properly enforce operators and/or employees compliance with existing policies and procedures to ensure safety while operating tractor trailers and similar commercial vehicles;

26

k. Providing operators and/or employees with improper or ambiguous policies, procedures, and regulations regarding the operation of tractor trailers and similar commercial vehicles, or by failing to provide any policies, procedures or regulations in regard to the operation of tractor trailers or similar commercial vehicles;

l. Failing to perform follow up to determine whether the policies, procedures, and regulations provided to operators were effective;

m. Failing to enforce operators and/or employees compliance with the existing policies, procedures, and regulations regarding the operation of tractor trailers or similar commercial vehicles;

n. Allowing their drivers including, but not limited to, Defendant Sabando to operate a tractor trailer without the proper licensing in violation of Pennsylvania Law.

63.    At all times relevant hereto Defendant KMJ knew or had reason to know that hiring, retaining, failing to train, and/or supervise Defendant Sabando, as described above, was dangerous and hazardous to other motorists traveling on Pennsylvania's roadways.

64.     Despite KMJ's knowledge that hiring, retaining, failing to train, and/or supervise Defendant Sabando, as described above, was likely to create a high risk of danger or harm to other motorists, and that Defendant Sabando was operating a commercial vehicle without the proper license, in blatant violation of Pennsylvania Law,  Defendant KMJ proceeded to allow Defendant Sabando to operate their tractor and trailer in conscious disregard of, or with indifference to those risks and without regard for the rule of law.

65.     The actions of KMJ in hiring, retaining, failing to train, and/or supervise Defendant Sabando and allowing Defendant Sabando to operate their Freightliner tractor trailer, or similar commercial vehicle, as described above, was done maliciously, wantonly, willfully, and/or in reckless indifference to the interests of others; including Mr. Pesicka.

66.     As a direct and proximate result of KMJ's negligence, carelessness, and/or recklessness, Mr. Pesicka was caused to suffer severe and permanent physical and psychological injuries, damages and itemized losses as set forth in detail herein and incorporated by reference.

WHEREFORE, in consideration of the foregoing, Plaintiff, Tony W. Pesicka, requests judgment awarding both compensatory and punitive damages against Defendant, KMJ Transport, LLC., in an amount in excess of the arbitration limits of this Court plus interest and costs as the law may allow.

Respectfully submitted,
FIGURED LAW FIRM

4/18/2019
Date

Keith Figured, Esquire
I.D. No. PA 87443
1620 STATE ROUTE 118
SWEET VALLEY PA 18656
PH: (570) 954-9299
Fax: (570) 477-2649
keith@figuredlaw.com
**Attorneys for Plaintiff**

## VERIFICATION

I, Tony W. Pesicka, verify that the Complaint in Civil Action is based upon information furnished to counsel. The language of the Complaint in Civil Action is that of counsel and not of the signer. Signer verifies that he has read the Complaint in Civil Action and that the information contained therein is true and correct to the best of the signer's knowledge, information and belief. To the extent that the language of the Complaint in Civil Action is that of counsel, signer has relied upon counsel in making this Verification. This Verification is made subject to the provisions of 18 Pa. C.S.A. §4904, pertaining to unsworn falsification to authorities.

4-16-2019
Date

_Tony W. Pesicka_
Tony W. Pesicka

# EXHIBIT

# A



AMC

L-102 NJSA 42.(2/94)

New Jersey Division of Revenue

## Certificate of Amendment
Limited Liability Company

This form may be used to amend a Certificate of Formation of a Limited Liability Company on file with the Department of the Treasury. Applicants must insure strict compliance with NJSA 42, the New Jersey Limited Liability Act, and insure that all applicable filing requirements are met.

1. Name of Limited Liability Company:
   **KMJ TRANSPORT LLC**

2. Identification Number:
   **0400551554**

3. New LLC Name (if applicable):

4. Effective Date:

5. The Certificate of Formation is amended as follows (provide attachments if needed):

   **REMOVE MEMBER**

   **KEIRY ANN FERNANDEZ**
   **378 HIGHLAND AVE 2ND FL CLIFTON NJ 07011**

The undersigned represent(s) that this filing complies with State law as detailed in NJSA 42 and that they are authorized to sign this form behalf of the Limited Liability Company.

Signature:

Name:  KARRY FERNANDEZ

Date:  11/29/16

NJ Division of Revenue, PO Box 308, Trenton, NJ 08646

## NEW JERSEY DEPARTMENT OF THE TREASURY
### DIVISION OF REVENUE AND ENTERPRISE SERVICES

### CERTIFICATE OF FORMATION

#### KMJ TRANSPORT LLC
0400551554

The above-named DOMESTIC LIMITED LIABILITY COMPANY was duly filed in accordance with New Jersey State Law on 02/20/2013 and was assigned identification number 0400551554. Following are the articles that constitute its original certificate.

1. **Name:**
   KMJ TRANSPORT LLC

2. **Registered Agent:**
   KEIRY ANN FERNANDEZ

3. **Registered Office:**
   1 WARD ST FL 2
   CLIFTON, NJ 07011

4. **Business Purpose:**
   TRUCKING

5. **Effective Date of this filing is:**
   02/20/2013

6. **Members/Managers:**
   KEIRY ANN FERNANDEZ
   1 WARD ST FL 2
   CLIFTON, NJ 07011
   KARRY FERNANDEZ
   1 WARD ST FL 2
   CLIFTON, NJ 07011

7. **Main Business Address:**
   1 WARD ST FL 2
   CLIFTON, NJ 07011

   **Signatures:**
   KEIRY ANN FERNANDEZ
   AUTHORIZED REPRESENTATIVE
   KARRY FERNANDEZ
   AUTHORIZED REPRESENTATIVE



FILED

FEB 20 2013

STATE TREASURER

LLC

Continued on next page ...

NEW JERSEY DEPARTMENT OF THE TREASURY
DIVISION OF REVENUE AND ENTERPRISE SERVICES

CERTIFICATE OF FORMATION

KMJ TRANSPORT LLC
0400551554



IN TESTIMONY WHEREOF, I have
hereunto set my hand and
affixed my Official Seal
at Trenton, this
21st day of February, 2013

*Andrew P Sidamon-Eristoff*
*State Treasurer*

Certificate Number:  127486570
Verify this certificate online at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp

L-102 Rev 11/2014

New Jersey Division of Revenue and Enterprise Services
## Certificate of Amendment
Limited Liability Company
NJSA 42:2C-19

*AmC*

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
Corporation Section
Filed
Submission ID: 14753
Filed: 12/3/2015 2:55:36 PM

*0400551554*

A limited Liability Company on file with the Division of Revenue and Enterprise Services may use this form to amend its Certificate of Formation. The filer is responsible for ensuring strict compliance with NJSA 42:2C, the Revised Uniform New Jersey Limited Liability Company Act.

Name of Limited Liability Company:

KMJ Transport LLC

1. Business ID Number:

0400551554

2. The Certificate of Formation is amended as follows (provide attachments if needed):

Add new Member
Lucia Villacorta
255 Lafayette Ave
Passaic NJ 07055

The undersigned represent(s) that this filing complies with State law as detailed in NJSA 42:2C and that they are authorized to sign this form behalf of the Limited Liability Company.

Signature: Karry Fernandez          Title: Vice President

Name: Karry Fernandez             Date: 10/14/15

*2776962*

*4932337*

*STATE OF NEW JERSEY*
*DEPARTMENT OF THE TREASURY*
*DIVISION OF REVENUE AND ENTERPRISE SERVICES*
*LONG FORM STANDING WITH CHARTER DOCUMENTS*

*KMJ TRANSPORT LLC*
*0400551554*

*I, the Treasurer of the State of New Jersey, do hereby certify that the above-named New Jersey Domestic Limited Liability Company was registered by this office on February 20, 2013.*

*As of the date of this certificate, said business continues as an active business in good standing in the State of New Jersey. Annual Reports are outstanding for the following year(s): 2019*

*I further certify that the registered agent and office are:*

*LUCIA VILLACORTA*
*255 LAFAYETTE AVE*
*PASSAIC, NJ 07055*

*I further certify that as of the date of this certificate, the following amendments and changes are on file in this office:*

| | |
|---|---|
| *CHANGE OF AGENT AND OFFICE* | *10/14/2015* |
| *AMENDMENT* | *12/03/2015* |
| *AMENDMENT* | *12/07/2016* |
| *Annual Report filing with officer/member change* | *05/26/2017* |
| *Annual Report Filing with address change* | *05/26/2017* |

*STATE OF NEW JERSEY*
*DEPARTMENT OF THE TREASURY*
*DIVISION OF REVENUE AND ENTERPRISE SERVICES*
*LONG FORM STANDING WITH CHARTER DOCUMENTS*

*KMJ TRANSPORT LLC*
*0400551554*



*IN TESTIMONY WHEREOF, I have*
*hereunto set my hand and affixed*
*my Official Seal at Trenton, this*
*5th day of April, 2019*

Elizabeth Maher Muoio
State Treasurer

*Certificate Number : 6096398253*

*Verify this certificate online at*

*https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp*

*Page 2 of 2*

*STATE OF NEW JERSEY*
*DEPARTMENT OF THE TREASURY*
*DIVISION OF REVENUE AND ENTERPRISE SERVICES*
*LONG FORM STANDING WITH OFFICERS AND DIRECTORS*

*KMJ TRANSPORT LLC*
*0400551554*

*I, the Treasurer of the State of New Jersey, do hereby certify that the above-named New Jersey Domestic Limited Liability Company was registered by this office on February 20, 2013.*

*As of the date of this certificate, said business continues as an active business in good standing in the State of New Jersey. Annual Reports are outstanding for the following year(s): 2019*

*I further certify that the registered agent and office are:*

*LUCIA VILLACORTA*
*255 LAFAYETTE AVE*
*PASSAIC, NJ 07055*

*I further certify that as of the date of this certificate, the following were listed as officers/directors of this business on the last Annual Report filed in this office on February 07, 2018.*

*OTHER*            *LUCIA VILLACORTA*

                   *255 LAFAYETTE AVE*

                   *PASSAIC, NJ 07055*

*OTHER*            *KARRY FERNANDEZ*

                   *657 Gregory Ave*

                   *CLIFTON, NJ 07011*

*STATE OF NEW JERSEY*
*DEPARTMENT OF THE TREASURY*
*DIVISION OF REVENUE AND ENTERPRISE SERVICES*
*LONG FORM STANDING WITH OFFICERS AND DIRECTORS*

*KMJ TRANSPORT LLC*
*0400551554*



*IN TESTIMONY WHEREOF, I have
hereunto set my hand and affixed
my Official Seal at Trenton, this
5th day of April, 2019*

*Elizabeth Maher Muoio*
*State Treasurer*

*Certificate Number : 6096398115*

*Verify this certificate online at*

*https://www1.state.nj.us/TYTR_StandingCertJSP/Verify_Cert.jsp*

FIGURED LAW FIRM
**KEITH FIGURED, ESQ.**
I.D. No. 87443
1620 STATE ROUTE 118
SWEET VALLEY PA 18656
(570) 954-9299                                        **Attorneys for Plaintiff**

| | | |
|---|---|---|
| Tony W. Pesicka, | : | IN THE COURT OF COMMON PLEAS |
| | : | OF CENTRE COUNTY |
| Plaintiff | : | Docket No. |
| | : | |
| v. | : | CIVIL ACTION – LAW |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| Darwin O. Sabando and | : | |
| KMJ Transport, LLC, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF COMPLIANCE

   I certify that this filing complies with the provision of
the *Public Access Policy of the United Judicial System of
Pennsylvania: Case records of the Appellate and Trial Courts*
that require filing confidential information and documents
differently than non-confidential information and documents.

                                        **Respectfully submitted,**
                                        FIGURED LAW FIRM


                                        Keith Figured, Esquire
                                        I.D. No. PA 87443
                                        1620 STATE ROUTE 118
                                        SWEET VALLEY PA 18656
                                        PH:  (570) 954-9299
                                        Fax: (570) 477-2649
                                        keith@figuredlaw.com
                                        **Attorneys for Plaintiff**